**DIVISION 1447, AMALGAMATED TRANSIT UNION, AFL–CIO, Plaintiff-Appellee,**

v.

**LOUISVILLE and JEFFERSON COUNTY TRANSIT AUTHORITY, d/b/a Transit Authority of River City, Defendant-Appellant.**

**No. 80–3203.**

United States Court of Appeals, Sixth Circuit.

July 28, 1981.

D. Patton Pelfrey, Charles E. Allen, III, Brown, Todd & Heyburn, David L. Gittleman, Gittleman, Charney & Barber, Louisville, Ky., for defendant-appellant.

Linda R. Hirsshman, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., Herbert L. Segal, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, Ky., for plaintiff-appellee.

Before WEICK, KEITH and JONES, Circuit Judges.

## ORDER

Louisville and Jefferson County Transit Authority, d/b/a Transit Authority of River City (TARC) appeals from an order of the district court granting Division 1447, Amalgamated Transit Union, AFL–CIO's (the Union) motion for a preliminary injunction and ordering TARC and the Union to submit the disputed terms of a collective bargaining agreement to binding interest arbitration.

The Union is an unincorporated labor organization representing workers in the transit industry for the purpose of collective bargaining. TARC, through its management agent, operates the Louisville and Jefferson County transit system. TARC is the successor company to two private transit companies.

In 1974, TARC applied to the U.S. Government for a capital improvement grant under the UMTA of 1964, 49 U.S.C. § 1601, *et seq.*, to assist TARC in the acquisition of privately-owned bus companies, the purchase of new transit coaches and the purchase of other equipment.

On February 26, 1974, TARC and the Union entered into an agreement as required by § 13(c) of the UMTA (the § 13(c) Agreement).

On February 5, 1976, the parties entered into the so-called "National § 13(c) Agreement" which applies to operating assistance only, but which includes paragraph 11 in the addendum to the agreement.

The last collective bargaining agreement between the parties expired on August 31, 1979. Prior to August 31, TARC and the Union tried to negotiate a new labor agreement. It appears that the parties continued to bargain until November 6, 1979, when an impasse was reached over issues of wages, pensions, cost-of-living allowances, and part-time employees.

On December 4, 1979, the Union brought this action against TARC for a declaratory judgment, injunctive relief, damages and attorney fees with respect to TARC's refusal to proceed to arbitration of the disputed terms of a collective bargaining agreement in violation of the Urban Mass Transportation Act (UMTA) and the parties' agreements thereunder.

On February 29, 1980, the district court granted the preliminary injunction and ordered the parties "to submit to a Board of

Arbitration selected in accordance with their Collective Bargaining Agreement." The district court concluded that it had subject matter jurisdiction under 28 U.S.C. § 1331 and under the UMTA. Furthermore, the district court held that TARC's violation of the parties' section 13(c) Agreement implicitly violated section 13(c) itself. Finally, the district court decided that the Union is a beneficiary of the expired labor agreement and, as a consequence, will suffer irreparable injury unless the § 13(c) Agreement is enforced.

On April 24, 1980, in recognition of an error it made, the district court issued an Order Clarifying Preliminary Injunction stating that the arbitration ordered "shall proceed according to the expressed terms of the 1974 Section 13(c) Agreement rather than as per the Collective Bargaining Agreement."

During the pendency of this case, this Court settled the conflict in this Circuit concerning the existence of subject matter jurisdiction and the propriety of interest arbitration. In *Local Div. 1285, Amalgamated Transit Union v. Jackson Transit Authority*, 650 F.2d 1379 (6th Cir., 1981), in a similar action, we held, *inter alia*, that federal courts have subject matter jurisdiction to entertain cases arising under section 13(c) agreements and the UMTA. On the same day, we also decided that a Union's claim based upon an alleged violation of its right to interest arbitration stated a cause of action under federal law for which relief can be granted in federal court. *Division 1235, Amalgamated Transit Union v. Metropolitan Transit Authority, et al.*, 650 F.2d 1389 (6th Cir.). Consequently, the district court's finding of subject matter jurisdiction and order compelling collective bargaining on binding interest arbitration were proper. We believe that the district court's order granting preliminary injunction is appropriate.

Accordingly, the judgment of the district court is AFFIRMED and the case is REMANDED for proceedings consistent herewith.